

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 6, 1939

Mr. Earl L. Coleman
County Attorney
Box 477
Denton, Texas

Dear Sir:

  Opinion No. O-353
  Re: Would county be liable for injuries
  caused by county car driven by sheriff?
  Would Commissioners' Court have author-
  ity to contract for liability insurance?

    Your request for an opinion as to
whether the county would be liable for injuries
sustained by reason of the negligence of a coun-
ty officer driving a county owned car, and would
the Commissioners' Court have authority to con-
tract liability insurance on such car, has been
received by this department. We wish to thank
you for your brief submitted with your questions.

    Your first question, relating to the
liability of the county for the negligent acts
of a sheriff or deputy in injuring some person
as result of such act, has been answered by the
courts of this state in many cases. It is a
well settled rule of law that the county is not
liable for injuries sustained in consequence of
the tortious or negligent acts of its agents or
employees, unless liability therefor be created
by statute; it is also a well settled rule of
law that the county is not liable for the acts
of its officers where such acts are not perform-
ed in connection with their official duties.
For authorities supporting the proposition that
the county is not liable for the negligent acts
of its officers see:

Mr. Earl L. Coleman, March 6, 1939, Page 2

Nussbaum vs Bell County, 76 SW 430
Angelina County vs Bond, 17 SW (2d) 338
Floria vs Galveston County, 55 SW 540
Bryan vs Liberty County, 209 SW 303

We have searched the statutes and have found no statute that imposes liability on the county for such an injury. We, therefore, advise you there is no statutory exception to the general rule as stated. It is the opinion of this department that under the facts given to us in your letter, Denton County would not be liable for the injuries caused by the automobile driven by the sheriff or his deputies.

You have also asked if the Commissioners' Court of your county would have authority to contract for liability insurance to cover the injuries or damages to the person or property of another by collision of the sheriff's car with the property or person of such other person.

Article 3, Section 52 of our Constitution denies the right of a county to lend its credit or grant public money in aid of or to any individual. We think this section of our Constitution expressly forbids the county Commissioners to contract for liability insurance to cover injuries and damages resulting from the acts of its employees.

It is the opinion of this department that the Commissioners' Court of Denton County does not have the authority to contract for liability insurance to cover the facts given in your letter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Morris Hodges.*
Morris Hodges
Assistant

MH:ob

APPROVED:

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS